FILED
CLERK ... COURT
12 JUN 02 AM 9:43
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

BRIAN M. BARNARD     USB # 0215
JAMES L. HARRIS, Jr.     USB # 8204
UTAH LEGAL CLINIC
    Cooperating Attorneys for
    Utah Civil Rights & Liberties Foundation, Inc.
214 East Fifth South Street
Salt Lake City, Utah  84111-3204
Telephone:  (801) 328-9531

ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

----------------------------------------------------------------------------------

| | |
|---|---|
| **D.L.S.,** | **2_02CV-0565K** |
| Plaintiff, | Civil No. <br>     2:02 - CV - _____ |
| vs. | |
| **STATE OF UTAH; UTAH COUNTY,** <br> a government entity; **C. KAY BRYSON,** <br> Utah County Attorney; **AMERICAN** <br> **FORK CITY,** a municipal corporation; <br> and **JAMES "TUCKER" HANSEN,** <br> Prosecutor, American Fork City, | **C O M P L A I N T** |
| Defendants. | |

----------------------------------------------------------------------------------

Plaintiff, **D.L.S.**, through counsel, Brian M. Barnard and James L. Harris, Jr. of the Utah

Legal Clinic, cooperating attorneys for Utah Civil Rights & Liberties Foundation, Inc. as a

Complaint and cause of action against defendants **STATE OF UTAH**, **UTAH COUNTY**, a

government entity, **C. KAY BRYSON**, Utah County Attorney, **AMERICAN FORK CITY**, a

municipal corporation, and **JAMES "TUCKER" HANSEN**, Prosecutor, American Fork City, states and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for declaratory and injunctive relief for violation of the United States constitution, pursuant to 42 U.S.C. § 1983. The plaintiff seeks a declaration that the provisions of Ut. Code Ann. §76-5-403 (1) (1953 as amended) are a violation of plaintiff's constitutional right to privacy and a violation of plaintiff's constitutional right to intimate expressive conduct. Plaintiff seeks a permanent injunction against prosecution for violations of this misdemeanor criminal statute. Plaintiff seeks nominal damages. Plaintiff seeks attorney fees and court costs under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2. Jurisdiction is based on 28 U.S.C. §1343 and 42 U.S.C. §1983 and arises under the First, Fourteenth and other amendments to the United States Constitution. Declaratory relief is authorized by 28 U.S.C. § 2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. §2283 and Rule 65 of the Federal Rules of Civil Procedure.

3. The conduct complained of herein occurred or will occur in the Central Division of the District of Utah. The plaintiff resides in the Central Division of Utah. The threatened prosecutions which are in part the basis of this action will occur in Utah County and the Central Division of the District of Utah. Venue is proper in the Central Division of this court.

## PARTIES

4. **D.L.S.** is an adult person, citizen and resident of the District of Utah and the State of Utah. D.L.S. is not married nor was plaintiff D.L.S. married at the time of the acts referred to in this action.

5. **C. KAY BRYSON** is the duly elected and serving Utah County Attorney. He is charged with the duty and responsibility of prosecuting or supervising the prosecution of crimes in Utah County. He and/or his agents and employees are responsible for initiating criminal action against individuals in Utah County, Utah, alleged to have committed the crime of sodomy under Ut. Code Ann. §76-5-403 (1) (1953 as amended). Such actions would be filed in the name of the **STATE OF UTAH**.

6. **JAMES "TUCKER" HANSEN** is the duly appointed and serving City Prosecutor for the city of American Fork, Utah. He is charged with the duty and responsibility of prosecuting or supervising the prosecution of crimes in American Fork City, Utah County. He and/or his agents and employees are responsible for initiating criminal action against individuals in American Fork City, Utah County, Utah, alleged to have committed the crime of sodomy under Ut. Code Ann. §76-5-403 (1) (1953 as amended). Such actions would be filed in the name of the **STATE OF UTAH**.

3

CHALLENGED STATUTE

7.  The State of Utah has enacted a statute which prohibits sodomy, Ut. Code Ann. § 76-

5-403 (1) (1953 as amended).

8.  Ut. Code Ann. § 76-5-403 (1) (1953 as amended) provides in pertinent part:

Sodomy -- . . .

(1)    A person commits sodomy when the actor engages in any sexual act with a person who is 14 years of age or older involving the genitals of one person and the mouth or anus of another person, regardless of the sex of either participant.

*        *        *

(3)    Sodomy is a class B misdemeanor. . . .

9.  Ut. Code Ann. § 76-5-407 (1) (1953 as amended) provides in pertinent part:

The provisions of this part [including Ut. Code Ann. § 76-5-403 (1)] shall not apply to conduct between persons married to each other; . . .

10.  Criminal penalties are provided in Utah for violation of the statute that prohibits

sodomy.

11.  Ut. Code Ann. § 76-3-204 (1953 as amended) provides in part as follows:

Misdemeanor conviction--Term of imprisonment.--

A person who has been convicted of a misdemeanor may be sentenced to imprisonment as follows:

*        *        *

(2)    In the case of a class B misdemeanor, for a term not exceeding six months; . . .

12.  Ut. Code Ann. § 76-3-301 (1953 as amended) provides in part as follows:

4

Fines of persons.--

A person who has been convicted of an offense may be sentenced to pay a fine not exceeding:

\*       \*       \*

(4)      $1,000 when the conviction is of a class B misdemeanor; . . .

## FACTS

13.  Within the last three (3) years, plaintiff D.L.S. has, on various occasions in Utah County, Utah, engaged in conduct in violation of the Utah criminal laws against sodomy, that is, he has engaged in oral sex.  Said conduct was in private, was non-commercial, consensual and heterosexual in nature and involved another unmarried person.

14.  Plaintiff D.L.S. desires to and anticipates that he will, in the future, in Utah County, Utah, engage in conduct in violation of the Utah criminal laws against sodomy, that is, he will engage in oral sex.  Said conduct will be in private, non-commercial, consensual and hetero-sexual in nature and involve another unmarried person.

15.  Plaintiff fears criminal prosecution for his past and future conduct as set forth above. Plaintiff's fears of criminal prosecution are real.

16.  Plaintiff is fearful that criminal action may be commenced against plaintiff and that he may be prosecuted by the defendants as a result of the plaintiff having engaged in heterosexual, private, non-commercial, consensual sodomy with another unmarried person in the past as set forth above, and/or as a result of plaintiff D.L.S. engaging in such conduct in the future.

5

17. Plaintiff D.L.S. believes and therefore alleges that if he engages in such conduct again in the future that he may be subject to criminal prosecution.

18. The plaintiff desires a determination by this Court as to the constitutionality of the sodomy statute and the applicability of that statute to plaintiff's past and future conduct.

19. At all times pertinent to this action, defendants have acted or will act under color of state law, statutes, policy, custom and practice.

20. Plaintiff's fear of criminal prosecution has inhibited the plaintiff's ability to communicate and to pursue and further intimate personal relationships. A sexual act, such as sexual intercourse or oral sex, is a direct and effective method of communicating love, affection, feelings and emotion.

21. Plaintiff has suffered harm because his conduct has been restrained or inhibited by the existence of and his fear of criminal prosecution. Plaintiff seeks and is entitled to an award of nominal damages ($1.00) as a result of that harm.

### CAUSE OF ACTION

22. Ut. Code Ann. § 76-5-403 (1) (1953 as amended) constitutes an improper invasion of the plaintiff's privacy as protected by amendments to the United States Constitution in that said statute invades plaintiff's privacy and prohibits private, consensual, non-commercial, heterosexual communicative conduct of the plaintiff involving another unmarried person.

23. Ut. Code Ann. § 76-5-403 (1) (1953 as amended) constitutes an improper restriction of the plaintiff's right to expression as protected by the First Amendments to the United States

Constitution in that said statute prohibits private, consensual, non-commercial, heterosexual communicative conduct of the plaintiff.

24. The provisions of Ut. Code Ann. § 76-5-407 (1) (1953 as amended) which allows two (2) persons married to each other to engage in sodomy but prohibits such conduct by persons of the opposite sex not married to each other constitutes a denial of plaintiff's equal protection of the law.

## RELIEF

WHEREFORE, plaintiff demands the following relief:

1. For a declaratory judgment that the provisions of Ut. Code Ann. § 76-5-403 (1) (1953 as amended) are a violation of the plaintiff's constitutional right to privacy.

2. For a declaratory judgment that the provisions of Ut. Code Ann. § 76-5-403 (1) (1953 as amended) are a violation of the plaintiff's right to intimate personal expression.

3. For a declaratory judgment that the provisions of Ut. Code Ann. § 76-5-403 (1) (1953 as amended) are a violation of the plaintiff's right to equal protection under the law.

4. For a permanent injunction prohibiting criminal prosecutions against the named plaintiff for past or future violations of the misdemeanor criminal statute for acts of the plaintiff as described above.

5. For nominal damages of one dollar ($1.00).

6. For an award of attorney fees and court costs under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

7

7. For such other and further relief as the court deems just and proper in the premises.

DATED this 11th day of JUNE 2002.

UTAH LEGAL CLINIC
Attorneys for Plaintiff

by

BRIAN M. BARNARD
JAMES L. HARRIS, Jr.

8

## CERTIFICATE OF MAILING

I hereby certify that I caused to be mailed a true and correct copy of the foregoing COMPLAINT to:

MARK SHURTLEFF
Attorney General
236 State Capitol
Salt Lake City, Utah  84114

C. KAY BRYSON
Utah County Attorney
100 E Center Street   #2100
Provo, Utah          84606

JAMES H. "TUCKER" HANSEN
City Attorney for American Fork
306 West Main Street
American Fork, Utah        84003

on the 11th day of June 2002, postage prepaid in the United States Postal Service.

UTAH LEGAL CLINIC
Attorneys for Plaintiff

by _____
BRIAN M. BARNARD

DLS complaint 052002.wpd bmb

9