

BRIAN M. BARNARD     USB # 0215
JAMES L. HARRIS, Jr.     USB # 8204
UTAH LEGAL CLINIC
    Cooperating Attorneys for
    Utah Civil Rights & Liberties
    Foundation, Inc.
214 East Fifth South Street
Salt Lake City, Utah 84111-3204
Telephone: (801) 328-9531            ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

---

| | |
|---|---|
| **D.L.S.**, | |
|     Plaintiff, | Civil No. 2:02 - CV **2 02CV-0565K** |
| vs. | **MEMORANDUM RE: MOTION FOR LEAVE TO PROCEED USING PSEUDONYM** |
| **STATE OF UTAH; UTAH COUNTY**, a government entity; **C. KAY BRYSON**, Utah County Attorney; **AMERICAN FORK CITY**, a municipal corporation, and **JAMES "TUCKER" HANSEN**, Prosecutor, American Fork City, | |
|     Defendants. | |

---

Plaintiff, D.L.S., through counsel, Brian M. Barnard and James L. Harris, Jr. of the Utah Legal Clinic, has moved this Court to allow this action to proceed using a pseudonym to identify the plaintiff. Now in support of that motion the following is submitted:

3

(1) This action a challenge to Utah statute (Ut. Code Ann. § 76-5-403 (1953 as amended)) which prohibits sodomy between consenting unmarried heterosexual parties, occurring in private and non-commercially as an unconstitutional violation of plaintiff's right to expression, his right to privacy and his right to the equal protection of the law..

(2) Plaintiff believes that use of plaintiff's true, full and correct name may cause harm to plaintiff.

(3) Plaintiff is willing to comply with any appropriate order from the Court with regard to allowing plaintiff to proceed through the use of a pseudonym.

(4) In this action, plaintiff has stated under oath that plaintiff has engaged in heterosexual sodomy (oral sex), currently a crime in the State of Utah. Further, plaintiff has stated under oath that plaintiff in the future intends to engage in sodomy (oral sex), currently a crime in the State of Utah.

(5) Case law in the 10th Circuit allows the use of a pseudonym in cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. See W.N.J., et al v. Yocom, 257 F.3d 1171 (10th Cir. 2001).

(6) Many reported cases in which plaintiffs were allowed to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity. *E.g.*, Poe v. Ullman, 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961); Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973); Doe v. Commonwealth's Attorney for City of Richmond, E.D. Va., 403 F.Supp. 1199 (1975); Doe v. Gillman, N.D. Iowa, 347 F.Supp. 482 (1972); Doe v. Shapiro, D. Conn., 302 F.Supp. 761 (1969). Such suits involve no injury to the Government's

"reputation" and raise little concern that any individually named defendants will suffer damage to their good names and reputation or result in economic harm. The individual defendants at bar were simply following the statute, government policy, practice and procedure. They suffer no personal opprobrium for their conduct or as a result of being sued herein.

(7) Plaintiff is willing to comply with any appropriate order from the Court with regard to allowing pursuit of this action through the use of a pseudonym.

### RELIEF

WHEREFORE, plaintiff's request for leave to proceed in this action by the use of pseudonym should be granted for the reasons set forth above.

DATED this 11TH day of JUNE 2002.

> UTAH LEGAL CLINIC
> Attorneys for Plaintiff
>
> by _____
> BRIAN M. BARNARD
> JAMES L. HARRIS, JR.

C:\Documents and Settings\Mr. Barnard\My Documents\C Drive Contents On Brian's Old Computer\1983CASE\WNJ\DLS pseudonym MOTION.wpd/BMB